

| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>**Office of the Secretary of State** | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

May 3, 2018

AETNA LIFE INS. CO.
151 FARMINGHAM AVE, RT. 21
HARTFORD, CT 06156

**RECEIVED**
**MAY 08 2018**
**LAW OPERATIONS**

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 18-CI-02380

COURT:  Circuit Court Clerk
        Jefferson County, Division: 9
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
(3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

| Kentucky Secretary of State's Office | Summons Division | 5/3/2018 |
|---|---|---|

# EXHIBIT A

| AOC-105      Doc. Code: CI | | Case No. 18CI02380 |
|---|---|---|
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | **CIVIL SUMMONS** | County Jefferson |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

JOHN RAMSEY

RECEIVED
MAY 02 2018

VS.

**DEFENDANT**

AETNA LIFE INS. CO.
151 FARMINGHAM AVE, RT. 21
Hartford, CT 06156


**Service of Process Agent for Defendant:**
SECRETARY OF STATE

700 CAPITOL AVE, SUITE 152

FRANKFORT KY 40601


**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: APR 24 2018, 2____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

# EXHIBIT A

NO. 18CI02380

JEFFERSON CIRCUIT COURT
DIVISION DIVISION NINE (9)

| | | |
|---|---|---|
| JOHN RAMSEY | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) **COMPLAINT** | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY | ) | DEFENDANT |
| aka. AETNA LIFE INSURANCE | ) | |
| SERVICE CNETER | ) | |
| 151 FARMINGTON AVE. Rt21 | ) | |
| HARTFORD CT 06156 | ) | |

SERVE:
SECRETARY OF STATE
700 CAPITOL AVE
SUITE 152
STATE CAPITOL
FRANKFORT KY 40601

SERVE ALSO:
ANY OFFICER OR AGENT
AETNA LIFE INSURANCE SERVICE CENTER
PO BOX 14546
LEXINGTON KY 40512-4548

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

\*\*\*          \*\*\*          \*\*\*

Comes the Plaintiff, JOHN RAMSEY, by counsel, and for his cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, Aetna Life Insurance Company (hereinafter "carrier" or "Defendant" or

# EXHIBIT A

"Aetna") also sometimes known as "Aetna Life Insurance Service Center" is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to enforce provisions of a life insurance plan underwritten by Aetna, such provision being the Waiver of Premium provision under the Chemours Company benefit plan ("plan"), claim #15839427. Since the plan is a benefit of Plaintiff's employment the action is subject to by §2(a) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001(a) *et seq.*, which is more specifically, a contract for disability insurance benefits. If not is.1

4. This Court has concurrent jurisdiction with the Federal District Court.

### FACTS

1. Plaintiff was a full-time employee of The Chemours Company ("employer") for a sufficient time period so as to be eligible for coverage under the terms of a life insurance, policy #737373.

2. As a full time employee, Plaintiff was eligible for, and was participating in the life insurance plan offered by Aetna through employer,

3. At all relevant times said plan included in its provision a so-called Waiver of Premium benefit wherein, a covered employee, who becomes permanently and totally disabled may continue, under certain conditions, to be covered under the group life insurance policy without making further contributions towards the coverage. The Plaintiff falls into the class of covered employees.

4. Plaintiff was induced to take his position at employer due to this Waiver of Premium life insurance plan provision.

5. At all times relevant to this Complaint, the Plan was administered by Aetna and at all relevant times Aetna remained the so called "plan administrator".

6. Due to Plaintiff's medical impairments, and according to medical personnel, the Plaintiff became permanently and totally disabled on August 14, 2016 and could no longer perform his job as a Railroad Operator or any other occupations listed in the *Dictionary of Occupational Titles* published by the United States Department of Labor.

7. On May 2, 2017 Aetna found the Plaintiff to be disabled and awarded him benefits

### EXHIBIT A

pursuant to a different insurance contract, or section of the plan, underwritten by Aetna which provided Long Term Disability ("LTD") wage replacement benefits. The Plaintiff currently collects said benefits for his disability.

8. Despite plan language that tie the LTD to the Premium Waiver benefit entitlement Aetna denied Premium Waiver stating that a difference between definition of disability for LTD and Life Insurance existed and that Plaintiff was not entitled to the Waiver of Premium benefit.

9. Said "differences" so described in numerical paragraph eight (8) do not exist in the Plaintiff's case and the Defendant offers no rational basis for why it takes the position that it does.

10. Any further appeal of Aetna's decision to deny Waiver of Premium would be futile and thusly, the Plaintiff has exhausted all administrative remedies required under the plan.

11. Aetna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Planitff is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

12. Aetna is legally unable to deny Plaintiff's Waiver of Premium benefits based on even its own medical and vocational findings.

13. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's total disability.

14. Defendant Aetna s conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

15. At all relevant times Aetna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of death benefits under the life insurance plan.

16. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA") when applying for LTD.

17. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. Whitaker v. Hartford Life and

**EXHIBIT A**

Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

18. Pursuant to the ERISA statute Plaintiff is entitled to Waiver of Premium benefits under the plan.

19. Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

20. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For Waiver of Premium benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

1. For an Order compelling Defendant to continue all benefits from the present forward in time until such time as the terms of Defendant's contract of insurance;

2. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

3. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

4. For his costs expended herein;

5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

**EXHIBIT A**


Respectfully submitted,

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

**EXHIBIT A**

**Kentucky** UNBRIDLED SPIRIT™

**ALISON LUNDERGAN GRIMES**
**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ *REGISTER TO VOTE*

7016 0360 0000 2953 5047

AETNA LIFE INS. CO.
151 FARMINGHAM AVE, RT. 21
HARTFORD, CT 06156

RECEIVED
MAY 0 8 '..
HFD

**EXHIBIT A**